IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL MCDONALD, #304010        *
    Plaintiff
   v.                         *   CIVIL ACTION NO. PJM-05-3236

WARDEN                        *
    Defendant
                                  ***

**MEMORANDUM OPINION**

On December 1, 2005, Paul McDonald, an inmate housed at the Western Correctional Institution in Cumberland, Maryland, filed a letter with the Court complaining that he was removed from his cell because he refused to take a tuberculosis test, which he asserts is "experimental." Paper No. 1. He claims that he is being subject to unnecessary "punishment" as he is being denied his property and remains in a cold, "stripped" cell until such time as he complies and takes the test. *Id*. McDonald maintains that he will only submit to the tuberculin test when his good conduct credits are restored to him as promised. *Id*.

The letter has been construed as a 42 U.S.C. § 1983 complaint and shall be dismissed without prejudice. First, this Court has previously held that the regulation and practice of placing Maryland Division of Correction inmates who refuse to submit to a PPD tine or intradermal test for tuberculosis in medical segregation was constitutional, as the test was minimally intrusive, related to legitimate prison management goal of protecting other inmates and staff, and placement in medical segregation was reasonable. *See Westbrook v. Wilson*, 896 F.Supp. 504, 504-05 (D. Md.

1995).[1]  Consequently, the undersigned finds no constitutional support for Plaintiff's general challenge to the use of the tuberculin test and his assignment to segregation for the refusal to submit to the test.  His complaint with regard to his assignment to "medical" segregation is hereby dismissed.

To the extent that Plaintiff wishes to challenge the conditions of his confinement, his complaint is subject to dismissal for the failure to exhaust administrative remedies.  Under 42 U.S.C. § 1997e, no action shall be brought by a prisoner with respect to claims of prison conditions under 42 U.S.C. § 1983, or any other Federal law, until he or she has exhausted available administrative remedies.  *See also Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001);*Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

Section 1997e's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process.  *See Chase*, 582 F.Supp.2d at 530.  In Maryland, filing a request under the administrative remedy procedure ("ARP") with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction to its prisoners.  If this request is denied, a prisoner has ten calendar days to file an appeal with the Commissioner of Correction.  If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office.  *See* Md. Code Ann., Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code, Title 12 § 07.01.03.

---

[1]   The United States Court of Appeals for the Fourth Circuit affirmed the decision.  *See Westbrook v. Wilson*, 64 F.3d 661, 1995 WL 479897 (4th Cir. August 15, 1995).

There is no information that Plaintiff has exhausted his remedies with regard to any conditions of confinement claim related to his segregation assignment. This claim shall therefore be dismissed without prejudice. A separate Order shall be entered dismissing his cause of action without prejudice to allow Plaintiff to exhaust administrative remedies under 42 U.S.C. § 1997e with regard to this particular claim.

Date:   12/22/05                              /s/
                                        PETER J. MESSITTE
                               UNITED STATES DISTRICT JUDGE